```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR256 |
| | ) | |
| v. | ) | |
| | ) | REPORT, RECOMMENDATION |
| RICKY T. MCCOLLUM, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before me is the defendant's motion to dismiss or, in the alternative, to produce grand jury evidence, filing 26. Count I of the indictment against the defendant alleges he violated 18 U.S.C. § 922(d)(3) and 924(a)(2) by knowingly selling a firearm to Michael Andrews when the defendant knew or should have known that Andrew was an unlawful user of controlled substances. Filing 1. Count II of the indictment alleges the defendant himself is unlawful user of a controlled substance and, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2), he knowingly possessed a firearm.

## MOTION TO DISMISS

In moving for dismissal, the defendant claims he was indicted based on false testimony before the grand jury. He further claims that assuming the truth of all allegations within Special Agent Nolte's warrant application, a copy of which is attached to the defendant's brief, the defendant uses only marijuana and marijuana is not a "controlled substance." As more fully explained hereafter, each of these claims must be denied.

1.  <u>False Testimony before the Grand Jury</u>

In moving to dismiss an indictment allegedly based on false grand jury testimony, the defendant is asking the court to question the credibility of a witness who testified before the grand jury, find the witness was not credible, and accordingly, dismiss the grand jury indictment.  It has long been established that a court cannot dismiss a facially valid indictment because it weighed the evidence supporting a probable cause finding and has determined that the indictment is supported by incompetent or insufficient proof.

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.  The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.  This is not required by the Fifth Amendment.  An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.  The Fifth Amendment requires nothing more.

<u>Costello v. U.S.</u>, 350 U.S. 359, 363 (1956).  See also, <u>United States v. Nelson</u>, 165 F.3d 1180, 1182 (8th Cir. 1999).  A rule permitting after-the-fact judicial scrutiny of the quantity and quality of the evidence relied upon by the grand jury neither preserves nor enhances the traditional functioning of the grand jury process required under the Fifth Amendment.  <u>United States v. Williams</u>, 504 U.S. 36, 51 (1992).  "[T]he grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge."  <u>Williams</u>, 504 U.S. at 51.  The defendant's motion to dismiss the indictment

based on alleged false testimony before the grand jury must be denied.

    2. <u>Marijuana as a "controlled substance."</u>

18 U.S.C. § 922(g)(3) states, "It shall be unlawful for any person. . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)); . . . [to] possess in or affecting interstate commerce, any firearm or ammunition. . . ." The defendant claims the indictment must be dismissed because "marijuana is not a 'controlled substance'" as defined in the Controlled Substances Act.

Title 18 U.S.C. §802 (6) defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." Marijuana is a listed scheduled I controlled substance in part B of the Controlled Substances Act. See 18 U.S.C. §812 (c)(Schedule I)(c)(10). A defendant who uses marijuana while possessing a firearm may be convicted for violating 18 U.S.C.A. § 922(g)(3). <u>United States v. Mack</u>, 343 F.3d 929 (8th Cir. 2003). The defendant's claim that Count II of the indictment must be dismissed because marijuana is not a controlled substance is without merit.

**REQUEST FOR DISCLOSURE OF GRAND JURY PROCEEDINGS**

As an alternative to dismissal, the defendant has requested a copy of the grand jury proceedings and claims he needs access to these proceedings because incomplete or false information may have

been presented to the grand jury, in the absence of which he would not have been indicted.

A defendant seeking disclosure of grand jury materials under Rule 6(e)(3)(C)(i) carries the burden of making a "strong showing of particularized need" for these materials.  United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983); In re Matter of Disclosure of Testimony Before the Grand Jury, 580 F.2d 281, 286 (8th Cir. 1978).  A party demonstrates particularized need where: (1) the material is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only the material needed.  Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979).

The defendant claims it is unlikely he would have been indicted had the grand jury been advised that:  1) the defendant, in a contact with a confidential informant, refused to trade firearms for drugs; 2) Michael Andrews was unable to produce receipts showing methamphetamine was traded for drugs; and 3) Andrews and Moore (another potential witness) were both indicted and convicted of drug trafficking outside the dates identified in the defendant's indictment.  Filing 27 (defendant's brief) at p.2.  The defendant claims he must have pretrial access to the grand jury proceedings to impeach the testimony of Andrews and Moore, and perhaps witnesses, at trial.

Like the defendant in United States v. Lame, 716 F.2d 515 (8th Cir. 1983), the defendant has "not pointed to anything in the record which might suggest that the prosecution engaged in improper conduct before the grand jury," and "has not carried his

burden of persuasion" with respect to disclosure of the transcript and records of the grand jury.  <u>Lame</u>, 716 F.2d at 518.

> Under the showing made by defendant[], the granting of the motion for inspection of grand jury minutes prior to trial would be necessitated when a defendant merely alleged he had reason to believe that a Government witness presented testimony before the grand jury which was inconsistent with other statements the witness may have made.  Such a rule would be neither desirable nor consonant with the interests of justice.

<u>Hanger v. United States</u>, 398 F.2d 91, 97 (8th Cir. 1968).  See also, <u>United States v. Williams</u>, 504 U.S. 36, 55 (1992)(a court cannot dismiss an otherwise valid indictment even if the prosecutor failed to present exculpatory evidence to the grand jury); <u>United States v. Johnson</u>, 767 F.2d 1259, 1275 (8th Cir. 1985)(a facially valid indictment should not be dismissed for insufficient evidence if there is some competent evidence to sustain the charge issued).

Upon review of the defendant's arguments, I conclude he has failed to demonstrate a particularized need for disclosure of the transcript and records of the grand jury proceedings.  Therefore, his motion to disclose these records will be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. §636(b)(1)(B), that the defendant's motion to dismiss, filing 26, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT FURTHER HEREBY IS ORDERED:  The defendant's motion alternative request for disclosure of the grand jury proceedings, filing 26, is denied.

DATED this 28th day of November, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge